Filed 9/30/15  P. v. Phyfiher CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JASON PHYFIHER,<br><br>     Defendant and Appellant. | D066607<br><br><br><br>(Super. Ct. No. SCD246223) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Appeal dismissed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Jason Phyfiher appeals following the trial court's imposition of a consecutive prison sentence of three years four months for two separate felony convictions, the first of which was Phyfiher's first strike for the purposes of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i)), 1170.12).[1] Phyfiher contends that the abstract of judgment *could* be misread to indicate that he was sentenced under the Three Strikes law for *both* convictions, even though the earlier conviction was his first strike. Phyfiher argues that if we do not order that the trial court amend the abstract of judgment to clarify that he was sentenced under the Three Strikes law for only *one* of his two convictions, it is *possible* that the Department of Corrections and Rehabilitation (the Department) will rely on the current abstract of judgment to erroneously calculate the postconviction credits available to Phyfiher. (§ 2930 et seq.) As we will explain, because there is no indication that the Department will rely on the abstract of judgment in calculating Phyfiher's postconviction credits in a manner that Phyfiher contends is contrary to law, we conclude that Phyfiher's appeal raises an issue that is not ripe for adjudication. Accordingly, we dismiss the appeal.

I

FACTUAL AND PROCEDURAL BACKGROUND

In February 2013, Phyfiher pled guilty in case No. SCD246223 to corporal injury to a cohabitant (§ 273.5, subd. (a)), with the further admission that he personally inflicted

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

great bodily injury on the victim (§ 1192.7, subd. (c)(8)) (the 2013 conviction). The 2013 conviction qualified as a serious felony due to the allegation that Phyfiher personally inflicted great bodily injury, and it accordingly constituted Phyfiher's first strike under the Three Strikes law. (§ 1170.12, subd. (b)(1) [defining "serious felony" for the purposes of the Three Strikes law to include those offenses described in § 1192.7 as a serious felony]; § 1192.7, subd. (c)(8) [stating that "any felony in which the defendant personally inflicts great bodily injury" is a " 'serious felony' "].) In March 2013, the trial court imposed a sentence of three years of formal probation, with 240 days of custody on work furlough. The trial court also issued a 10-year protective order prohibiting Phyfiher from having contact with the victim.

In July 2014, Phyfiher violated the protective order and the terms of his probation for the 2013 conviction by making contact with the victim. In August 2014, the trial court revoked probation on the 2013 conviction, and Phyfiher pled guilty in a new case, case No. SCD 257542, to charges of violating a protective order (§ 166, subd. (c)(1)), and violating a protective order after having been convicted of the same offense within seven years and using violence or a credible threat of violence (§ 166, subd. (c)(4)) (the 2014 conviction). In connection with his guilty plea to the 2014 conviction, Phyfiher also admitted that he incurred a prior strike in the 2013 conviction.

In September 2014, the trial court sentenced Phyfiher to prison for both the 2013 conviction and the 2014 conviction, imposing a consecutive sentence comprised of two years for the 2013 conviction and 16 months for the 2014 conviction, for an aggregate

3

sentence of three years four months.  As relevant here, the sentence for the 2014

conviction was doubled (from eight months to 16 months) pursuant to section 1170.12,

subdivision (c)(1) because of the prior strike that Phyfiher incurred in the 2013

conviction.

II

DISCUSSION

In completing the abstract of judgment for Phyfiher's consecutive sentence on the

2013 and 2014 convictions, the trial court checked the box on the Judicial Council form

indicating that Phyfiher was "sentenced . . . per" the Three Strikes law.  According to

Phyfiher, the abstract of judgment should have been more specific about the fact that only

the 2014 conviction was calculated under the Three Strikes law and that the 2013

conviction was his first strike and thus he was not "sentenced . . . per" the Three Strikes

law for that conviction.[2]

Phyfiher seeks relief in the form of an order requiring that the trial court clarify the

abstract of judgment to indicate that only the 2014 conviction was "sentenced . . . per" the

Three Strikes law.  Specifically, Phyfiher explains that he seeks clarification of the

---

[2]     We note that the abstract of judgment is accurate and correct in stating that
Phyfiher was "sentenced . . . per" the Three Strikes law, as Phyfiher's sentence for the
2014 conviction was doubled pursuant to the Three Strikes law.  (§ 1170.12,
subd. (c)(1).)  The Judicial Council form does not anticipate the situation presented by
this case, in which a defendant is sentenced at the same time for two different
convictions, only one of which is subject to the Three Strikes law at sentencing.  Thus,
Phyfiher's position is that the abstract of judgment, as filled out by the trial court, is not
sufficiently specific and should be amended to make clear that only the 2014 conviction
was sentenced under the Three Strikes law.

4

abstract of judgment because, as currently constituted, it "could cause the Department . . . to limit appellant's entire sentence to the 20% conduct credits applicable to Three Strikes sentences." Phyfiher points to section 667, subdivision (c)(5) in the Three Strikes law, which states that "if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felon[ies,]" "[t]he total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison." (*Ibid.*) Phyfiher contends that (1) properly interpreted, this provision authorizes a 20 percent limit on the accrual of postconviction credits *only* for that portion of his consecutive sentence that is attributable to the 2014 conviction; and (2) the abstract of judgment, as currently constituted, may cause the Department to erroneously conclude that the *entire* consecutive sentence for the 2013 conviction and the 2014 conviction is subject to a 20 percent limit on the accrual of postconviction credits.

Taking issue with the first premise of Phyfiher's argument, the Attorney General opposes Phyfiher's appeal and argues that the abstract of judgment need not be clarified. Specifically, citing dicta in *In re Reeves* (2005) 35 Cal.4th 765, the Attorney General explains that Phyfiher's *entire* consecutive sentence is subject to a 20 percent limit on the accrual of postconviction credits set forth in section 667, subdivision (c)(5) — contrary to Phyfiher's position — and thus *even if* the Department were to rely on the abstract of judgment to impose a limit on postconviction credit accrual, the Department's approach

5

would be legally correct.  Based on this analysis, the Attorney General concludes that there is no need to order that the abstract of judgment be clarified.

Upon reviewing Phyfiher's appeal, we asked the parties to provide supplemental briefing on whether the appeal should be dismissed on the ground that it does not present a ripe controversy appropriate for judicial resolution.  As we will explain, we agree with the Attorney General's position in its supplemental letter brief that this appeal should be dismissed.

"The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions.  [Citation.]  It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion.  It is in part designed to regulate the workload of courts by preventing judicial consideration of lawsuits that seek only to obtain general guidance, rather than to resolve specific legal disputes.  However, the ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170  (*Pacific Legal Foundation* ).)  " '[A] controversy is "ripe" when it has reached . . . the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' " (*Vandermost v. Bowen* (2012) 53 Cal.4th 421, 452 (*Vandermost*).)  In part, the ripeness doctrine is based on the concern that "courts not be drawn into disputes which depend for

6

their immediacy on speculative future events."  (*Pacific Legal Foundation*, at p. 173.)

"The legal issues posed must be framed with sufficient concreteness and immediacy so that the court can render a conclusive and definitive judgment rather than a purely advisory opinion based on hypothetical facts or speculative future events."  (*Hayward Area Planning Assn. v. Alameda County Transportation Authority* (1999) 72 Cal.App.4th 95, 102 (*Hayward Area Planning*).)

Here, Phyfiher asks us to order that the abstract of judgment be clarified based on the *mere possibility* that the Department (1) will rely on the box that the trial court checked on the abstract of judgment form when the Department calculates Phyfiher's postconviction credits and (2) will calculate Phyfiher's postconviction credits in a manner that Phyfiher contends is contrary to law.  As there is no indication that *either* of those contingencies will occur, this matter has not " 'reached . . . the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' " (*Vandermost*, *supra*, 53 Cal.4th at p. 452.)

Moreover, as we have noted, Phyfiher and the Attorney General have taken opposing positions on the issue of whether section 667, subdivision (c)(5) requires that Phyfiher's postconviction credits be limited to 20 percent of his *entire* consecutive sentence, for both the 2013 conviction and the 2014 conviction, or whether only the portion of the consecutive sentence attributable to the 2014 conviction is subject to that limitation.  Were we to decide Phyfiher's appeal, we would be required to resolve that dispute, but in doing so we would be issuing "a purely advisory opinion based on

7

hypothetical facts or speculative future events" (*Hayward Area Planning*, *supra*, 72 Cal.App.4th at p. 102), as it is not yet clear that the Department will calculate Phyfiher's postconviction credits in a manner that Phyfiher believes is contrary to law.

An appeal that is not ripe is not justiciable and must be dismissed.  (See *Pacific Legal Foundation*, *supra*, 33 Cal.3d at p. 170.)  Having concluded that Phyfiher's appeal presents an issue that is not ripe for review and would require us to issue an advisory opinion, we dismiss the appeal.

DISPOSITION

The appeal is dismissed.

IRION, J.

WE CONCUR:

MCINTYRE, Acting P. J.

O'ROURKE, J.

8